```
IN THE UNITED STATES DISTRICT COURT FOR
    THE SOUTHERN DISTRICT OF GEORGIA
              SAVANNAH DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR416-345 |
| ) | |
| KAREEM AJENE BRYANT, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant Kareem Ajene Bryant's Motion for Compassionate Release/Motion for Appointment of Counsel. (Doc. 35.) The Government has moved to dismiss Defendant's motion. (Doc. 36). For the following reasons, the Government's motion (Doc. 36) is **GRANTED** and Defendant's motion (Doc. 35) is **DISMISSED**.

### BACKGROUND

In April 2017, Defendant pleaded guilty to possession of a firearm by a convicted felon. (Doc. 29.) Defendant was sentenced to 60 months' imprisonment. (Doc. 30 at 2.) According to the BOP website, Defendant is currently incarcerated at Metropolitan Detention Center ("MDC") Brooklyn in Brooklyn, New York with a projected release date of March 13, 2022. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on August 20, 2020).

### ANALYSIS

Defendant seeks compassionate release due to the COVID-19 pandemic or to be placed on home confinement. (Doc. 35 at 1-2.)

Defendant also requests the appointment of an attorney. (Id. at 2.) In support of his request, Defendant contends that he has asthma and uses an inhaler. (Id.) The Government opposes Defendant's request and moves to dismiss Defendant's motion on the ground that Defendant failed to exhaust his administrative remedies. (Doc. 36.) The Court finds that Defendant's motion should be dismissed.

I. HOME CONFINEMENT

First, to the extent Defendant is seeking an order from this Court placing him on home confinement, it is due to be dismissed. A request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C.

2

§ 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, No. 1911445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also Allen, No. 2:14-CR-024, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

II.  COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he

3

extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a

4

medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that he has asthma and uses an inhaler. (Doc. 35 at 2.) In response, the Government argues that Defendant's motion should be dismissed because he did not exhaust his administrative remedies. (Doc. 36 at 13.) The Court agrees with the Government that Defendant's motion is due to be dismissed. Defendant did not state in his motion that he ever sought compassionate release from the warden. The Court may only entertain Defendant's motion after Defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant neither fully exhausted his appeals nor did thirty days lapse from the warden's receipt on his request without a response. See United States v. Bevans-Silva, No. CR 416-352, 2020 WL 2475079, at *1 (S.D. Ga. May 13, 2020). Additionally, as this Court finds Defendant's motion is due to be dismissed, Defendant's request for the appointment of counsel is **DISMISSED AS MOOT.**

5

## CONCLUSION

Accordingly, based on the foregoing, the Government's Motion to Dismiss (Doc. 36) is **GRANTED** and Defendant Kareem Ajene Bryant's Motion for Compassionate Release/Motion for Appointment of Counsel (Doc. 35) is **DISMISSED**.

SO ORDERED this 24th day of August 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA